IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA ESTRADA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02841-L (BT) |
| | § | |
| DALLAS MORNING NEWS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Anita Estrada filed a complaint against the Dallas Morning News for "copyright," alleging that "Tod Robinson" issued a "report" taking all the credit for the research on a "cat burglar case," even though Estrada "did all the work." ECF No. 3. She references a criminal copyright statute—17 U.S.C. § 506(a)—and seeks $2 million in damages. ECF No. 3 at 6. As explained below, the Court should dismiss Estrada's case with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

**Legal Standards**

Estrada proceeds *in forma pauperis* (IFP). ECF No. 6. Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly,

the pleading requirements set out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Twombly,* 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

### Analysis

Estrada appears to seek relief under a criminal copyright infringement statute, 17 U.S.C. § 506(a), which provides punishment for the willful infringement of a copyright in some cases. But Estrada has no right to have someone criminally prosecuted, and she cannot enforce criminal statutes through a civil request for relief. *See*, *e.g.*, *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990) (stating that there is no "constitutional right to have someone criminally prosecuted"); *Florance v. Buchmeyer,* 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action."); *see also Pugh v. Norman,* 2017 WL 712751, at *8 (M.D. Tenn. Feb. 23, 2017), *rec. accepted* 2018 WL 731807 ("However, there is no private right of action to pursue a claim of criminal copyright infringement under 17 U.S.C. § 506 and 18 U.S.C. § 2319.") (collecting

cases). Thus, to the extent that Estrada seeks relief under 17 U.S.C. § 506, she fails to state a claim upon which relief can be granted.

Given her *pro se* status, the Court liberally construes Estrada's complaint as also alleging civil copyright infringement under the Copyright Act of 1976. "To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles, 512 F.3d 147, 152 (5th Cir. 2007)* (per curiam). "A plaintiff establishes 'ownership' by demonstrating that the material is 'copyrightable' and that he complied with the statutory requirements in securing the copyright." *Playboy Enterprises, Inc. v. Webbworld, Inc., 968 F. Supp. 1171, 1174 (N.D. Tex. June 27, 1997).* Under the statute, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).

Further, "[i]t is well settled that copyright protection extends only to the author's expression of facts and not to the facts themselves." *Miller v. Universal City Studios, Inc., 650 F.2d 1365, 1368 (5th Cir. 1981)* (collecting cases). Accordingly, the Fifth Circuit has held that historical research is not copyrightable because "[t]here is no rational basis for distinguishing between facts and the research involved in obtaining facts[,]" and "[t]o hold that research is copyrightable is no more or no less than to hold that the facts discovered as a result of research are entitled to copyright protection." *Id.* at 1372.

Accordingly, to the extent that Estrada claims copyright infringement in relation to her research for a news story, she has not—and cannot—establish a prima facie case of copyright infringement under the Copyright Act of 1976 because such historical research is not copyrightable. And to the extent that Estrada claims copyright infringement in relation to the way that the facts in the news story were presented (not the historical facts themselves), she has not alleged that she has a valid copyright for the story; nor does she provide any facts plausibly showing that any copyrighted material was copied. Her allegations are wholly conclusory.

For these reasons, Estrada fails to state a plausible claim for relief for copyright infringement under 17 U.S.C. § 506 or the Copyright Act of 1976.

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend her complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded her "best case." *Id.* And while a court should freely grant leave to amend when justice so requires, "a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted). Further, leave to amend is not required if amendment

4

would be futile, that is, if the amended complaint would still fail to state a claim. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).

To the extent Estrada's copyright claim relates to historical research for a news story, it is not cognizable, and amendment would be futile. But if the Court misunderstands the nature of Estrada's claim, the opportunity to file objections to this recommendation (further explained below) allows her an opportunity to show that her claim should not be dismissed with prejudice at this time and that the Court should instead grant her leave to amend. *See Andrews v. Johnson,* 2023 WL 5437197, at *6 (N.D. Tex. May 22, 2023), rec. accepted 2023 WL 5437668 (N.D. Tex. Aug. 22, 2023).

Unless Estrada shows through timely objections that leave to amend should be granted, the Court should dismiss her case with prejudice.

## Recommendation

Unless Estrada shows through timely objections that leave to amend should be granted, the Court should dismiss her case with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

SO RECOMMENDED.

July 11, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).